OPINION
{¶ 1} Plaintiff-appellant, Michelle Pannabecker Neff ("appellant"), appeals from a judgment entry dated November 16, 2005, of the Franklin County Probate Court, that overruled her objections to the magistrate's decision rendered September 2, 2005, and adopted same. In its entry, the trial court explained:
The Court finds that Ms. Neff failed to file a transcript as required by the Ohio Civil Rule 53 and Local Rule 75.11. Therefore, the objector is precluded from objecting to factual findings, and the factual findings of the Magistrate are incorporated herein.
The Court further finds that Ms. Neff is attempting to re-litigate issues that have already been decided. The Magistrate's decision of May 25, 2004, found that the ward was the true owner of the property, and that the sale was necessary to satisfy the debts of the ward. That decision was approved on June 11, 2004. Ms. Neff then untimely objected to the May 25th decision. These objections were overruled on August 23, 2004 for being out of rule. The issues of who owns the property and if it may be sold were litigated again at a July 13, 2005 hearing before Magistrate Miller. In addition to these issues, also before the Court that day was the question of whether the Probate Court can issue a writ of possession. In the Magistrate's decision from that hearing, which is currently being objected to, it was found once again that the ward is the true owner of the property, and that its sale is necessary to satisfy the ward's debts. Additionally, the Magistrate found that the Probate Court does have the authority to issue a writ of possession.
(Entry, Nov. 16, 2005.)
 {¶ 2} Appellant appeals, assigning the following six assignments of error:
[1.] THE TRIAL COURT ERRED IN IT [SIC] DETERMINA-TION THE WARD IS THE SOLE FEE SIMPLE OWNER OF THE SUBJECT REAL ESTATE (LAND).
[2.] THE TRIAL COURT ERR'D [SIC] IN ITS PRESUMPTION THAT IT HAD EQUITY POWER TO OVER RULE OR SET ASIDE THE DEFENDANT MICHELLE PANNABECKER NEFF'S BILL OF SALE TO THE SUBJECT REAL ESTATE, GRANTED BY HER FATHER.
[3.] THE TRIAL COURT ERR'D [SIC] WHEN IT FAILED TOP ACKNOWLEDGE THE CHANGE OR POSSESSION FROM DARBY BRUCE NEFF TO MS. MICHELLE PANNABECKER NEFF CREATING PART PERFORMANCE.
[4.] THE TRIAL COURT ERR'D [SIC] WHEN IT FAILING [SIC] TO FIND THE SPECIFIC WRITING CALLED A "BILL OF SALE" IS NOT A WRITING THAT MEETS THE STATUTE OF FRAUDS REQUIREMENT INDICATING A TRANSFER OR REAL ESTATE OF VALUE RECEIVED — A COMPLETE TRANSACTION.
[5.] THE TRIAL COURT ERR'D [SIC] IN FAILING TO RECOGNIZE THAT THE "BILL OF SALE" WAS AN ACKNOWLEDGEMENT OF MORTGAGE TO SELL THE SUBJECT REAL ESTATE VIA LAND CONTRACT TO THE DEFENDANT NUCK [SIC] PRO TUNC MS. MICHELLE PANNABECKER NEFF FOR SERVICES RENDERED TO MR. DARBY B. NEFF. IT ACKNOWLEDGES THAT EFFORT WAS COMPLETED AND SIGNED BY THE PARTIES TO THE AGREEMENT IN THE CALENDAR YEAR 1999. LONG PRIOR TO DARBY NEFF BEING DECLARED INCOMPETENT.
[6.] THE TRIAL COURT ERR'D [SIC] IN DETERMINING THE EFFECTIVE DATE OF THE BILL OF SALE HELD BY THE APPELLANT. THE COURT FAILED TO RECOGNIZE THAT THE BILL OF SALE EXECUTED IN ACCORDANCE WITH ORC 1365.06 WAS CONTEMPORANEOUS. TO THE DAY IT WAS SIGNED.
 {¶ 3} Because defendant-appellee, John K. Everett, Esq., ("appellee"), contends appellant's appeal is untimely, we must initially consider whether this court has jurisdiction. App.R. 4(A) provides that "a party shall file the notice of appeal required by App.R. 3 within thirty days of the later of entry of the judgment or order appealed or, in a civil case, service of the notice of judgment and its entry if service is not made on the party within the three day period in Rule 58(B) of the Ohio Rules of Civil Procedure."
 {¶ 4} In this case, we agree with appellee's assertion that the instant appeal is untimely. A review of appellant's assignments of error disclose that they encompass prior rulings made by the trial court, and from which appellant waived appellate review when she: (1) failed to file timely objections to the magistrate's decision rendered on May 25, 2004;[1]
(2) failed to file a direct appeal of the court's entry dated June 12, 2004, which adopted that decision; (3) failed to file a direct appeal of the court's entry dated August 23, 2004, which overruled appellant's untimely objections to the magistrate's decision rendered May 25, 2005; and (4) failed to comply with Civ.R. 53(E)(3)(c)[2] and Loc.R. 75.11 when she did not support her objections to the magistrate's decision rendered September 2, 2005, with a transcript. For these reasons, we are without jurisdiction to consider the merits of appellant's appeal.[3]
 {¶ 5} Based upon the foregoing analysis, we sua sponte dismiss this appeal for lack of jurisdiction.
Appeal sua sponte dismissed.
Petree and Sadler, JJ., concur.
[1] Pursuant to Civ.R. 53(E)(3)(d), a party waives its right to assign as error on appeal the trial court's adoption of the magistrate's findings and conclusions when the party has not made a timely objection with respect to the matter concerned.
[2] This rule provides that objections to a magistrate's finding of fact shall be supported by a transcript of all the evidence submitted to the magistrate relevant to the finding.
[3] Even if appellant's appeal was timely, we observe that appellant's brief fails to comply with App.R. 16(A)(3) and (7). It is basically unintelligible, and consists of jumbled and incoherent babblings interspersed with references to irrelevant legal authority. Further, it makes no colorable effort to point out legal or factual errors in the trial court's decision. Succinctly stated, we find appellant has failed to present any arguable reason why the lower court erred in its disposition.